UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:11CV-458-S
                                                                      CRIMINAL ACTION NO. 3:06CR-89-S

ANTOINNE L. GOODLOE                                                                        DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Antoinne L. Goodloe, *pro se*, to vacate his conviction and sentence under 28 U.S.C. § 2255 on the grounds of ineffectiveness of counsel and an error in sentencing. The United States Magistrate Judge issued a report and recommendation that Goodloe's motion be denied. Goodloe has objected to the magistrate judge's report.

The court has reviewed the magistrate judge's report in light of the record, and conducted a *de novo* review of those portions of the magistrate judge's report to which Goodloe objects. The court finds no error in the well reasoned report and concludes that the report and recommendation should be accepted and adopted in its entirety.

The magistrate judge noted that the court's findings regarding the consent search of the motel room would not have been undermined by testimony of hotel employees, the court having concluded that "[Tiffany] Jones's presence and enjoyment of the mutual use and control of the room, the presence of female clothing and belongings, and the absence of any indication she was unwelcome

- 2 -

or had broken into the room," constituted indicia of apparent authority to give consent. Thus Goodloe's reiteration that his counsel was ineffective for failing to call witnesses is without merit.

Goodloe also states that the district court erred in overruling his counsel's objection to the calculation of his criminal history points and his counsel's failure to raise this issue on appeal.

The presentence report calculated Goodloe's two prior felony convictions separately, despite the fact that he was sentenced for these felonies in the same day. The court overruled Goodloe's objection on the ground that there was an intervening 10-month period between the arrest for each felony. The United States urges that the calculation is proper under Sentencing Guideline 4A1.2(a)(2).[1] The magistrate judge agreed, and determined that the decision of counsel not to appeal the district court's ruling "was a reasonable decision rather than deficient performance." We agree.

Therefore, Goodloe's motion to vacate his conviction and sentence will be denied by separate order.

**IT IS SO ORDERED.**

October 4, 2012

**Charles R. Simpson III, Judge
United States District Court**

---

[1] "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest..." USSG § 4A1.2(a)(2).